UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARTISHA McKINNES and STEVE
FLEMMING, individually, and on,
behalf of others similarly situated,

      Plaintiffs,

vs.

ATX INC., a Michigan corporation,
BENSON OGHOUFO, an individual,
ANTONIO GEORGE, an individual,
jointly and severally,

      Defendants.

Case No. 19-cv-12748
Hon. Stephen J. Murphy, III
Mag. Judge Michael J. Hluchaniuk

---

KEVIN J. STOOPS (P64371)
CHARLES R. ASH, IV (P73877)
Sommers Schwartz, P.C.
Attorneys for Plaintiffs
One Townes Square, Suite 1700
Southfield, MI 48076
(248) 355-0300
kstoops@sommerspc.com
crash@sommerspc.com

MARTIN C. BROOK (P55946)
ALEXIS MARTIN (P80817)
Ogletree, Deakins, Nash, Smoak
  & Stewart, PLLC
Attorneys for Defendants
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
(248) 593-6400
martin.brook@ogletree.com
alexis.martin@ogletree.com

ELIZABETH S. WASHKO
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN  37219-2446
615.254.1900
615.254.1908 (facsimile)
elizabeth.washko@ogletreedeakins.com

## DEFENDANTS' ANSWER TO PLAINTIFFS'
## COLLECTIVE AND CLASS ACTION
## <u>COMPLAINT WITH JURY DEMAND, AND AFFIRMATIVE DEFENSES</u>

Defendants, ATX Inc., ("ATX Inc." or "Defendant"), Benson Oghoufo, ("Oghoufo"), Antonio George, ("George") (collectively, "Defendants") by and through their undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, PLLC, hereby answer Plaintiffs Dartisha McKinnes ("Plaintiff McKinnes") and Steve Flemming's ("Plaintiff Flemming") Collective and Class Action Complaint with Jury Demand, as follows:

### <u>INTRODUCTION</u>

1.      Defendants deny the allegations in Paragraph 1 of the Complaint.

2.      Defendants admit the allegations in Paragraph 2 of the Complaint.

3.      Defendants deny the allegations in Paragraph 3 of the Complaint.

4.      Defendants neither admit nor deny the allegations in Paragraph 4 of the Complaint as they are conclusions of law to which no response is required.  To the extent a response is required, Defendants state that the FLSA speaks for itself, deny that Paragraph 4 accurately describes the "obligations" of the FLSA and deny that Defendants violated any applicable provision of the FLSA.

5.      Defendants deny the allegations in Paragraph 5 of the Complaint.

2

## JURISDICTION AND VENUE

6.     Defendants neither admit nor deny the jurisdictional statement contained in Paragraph 6 of the Complaint as it is not a statement of fact but instead a legal conclusion that requires no response.  To the extent a response is required, Defendants admit that this court may properly exercise jurisdiction over Plaintiff's claims for damages asserted under the FLSA, but deny subject matter jurisdiction exists over Plaintiffs' claims for injunctive and declaratory relief and deny Plaintiffs have standing to assert individual or class claims for injunctive or declaratory relief under Rule 23(b)(2).

7.     Defendants neither admit nor deny the jurisdictional statement contained in Paragraph 7 of the Complaint as it is not a statement of fact but instead a legal conclusion that requires no response.  To the extent a response is required, Defendants admit that this court may properly exercise jurisdiction over Plaintiff's individual claims for damages asserted under the FLSA, but deny that this action has been (or should be) certified as a collective action and deny subject matter jurisdiction exists over Plaintiffs' claims for injunctive and declaratory relief and deny Plaintiffs have standing to assert individual or class claims for injunctive or declaratory relief under Rule 23(b)(2).

8.     Defendants neither admit nor deny the jurisdictional statement contained in Paragraph 8 of the Complaint as it is not a statement of fact but instead

a legal conclusion that requires no response.  To the extent a response is required, Defendants admit that ATX, Inc., conducts business within the State of Michigan. Defendants deny any allegations not specifically admitted.

9.     Defendants admit that ATX, Inc. has more than two employees. Defendants deny the balance of the allegations in Paragraph 9.

10.    Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.    Defendants neither admit nor deny the jurisdictional statement and other legal conclusions contained in Paragraph 11 of the Complaint as they are not statements of fact but instead legal conclusions that require no response.  To the extent a response is required, Defendants deny Plaintiffs are entitled to any damages for unjust enrichment under the common law, and deny that any facts exists that form the basis of any federal claims or of any claims for unjust enrichment. Defendants specifically deny any allegation not admitted.

12.    Paragraph 12 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any responsive pleading is required, Defendants admit that ATX, Inc., conducts business in this district, deny that Defendants employ Plaintiffs, deny that a "similarly situated" individuals exist, and deny that any events occurred that could give rise to Plaintiff's claims.  Defendants deny any allegations not specifically admitted.

4

## PARTIES

13.     Defendants admit that Plaintiff McKinnes was employed by ATX, Inc., as a Delivery Associate from approximately June 22, 2019 to August 26, 2019. Defendants deny that Plaintiff McKinnes was employed by Defendants Oghoufo or George.  Defendants are without information or knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 13 of the Complaint and therefore deny those allegations.  Defendants specifically deny any allegation not admitted.

14.     Defendants admit that Plaintiff Flemming was employed by ATX, Inc., as a Delivery Associate from approximately June 22, 2019 to August 26, 2019, but deny Plaintiff Flemming was employed by Defendants Oghoufo or George. Defendants are without information or knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 14 of the Complaint and therefore deny those allegations.  Defendants specifically deny any allegation not admitted.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants admit the allegations in Paragraph 16 of the Complaint.

17.     Defendants admit the allegations in Paragraph 17 of the Complaint.

18.     Defendants deny that Antonio George resides at 13180 Foley Street in Detroit, Michigan.  Defendants admit the balance of allegations in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

## GENERAL ALLEGATIONS

20.     Defendants admit that ATX, Inc., has paid some Delivery Associates it has hired an hourly rate of between $16.00-$16.50.  Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint as stated.

21.     Defendants deny that Defendants Oghoufo or George employ any Delivery Associates.  To the extent the allegations contained in Paragraph 21 of the Complaint relates to Delivery Associates employed by ATX, Inc., Defendants admit that the allegations in Paragraph 21 of the Complaint describe some responsibilities of some such Delivery Associates, but deny that Paragraph 21 is an accurate description of all of the responsibilities of all Delivery Associates.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint as stated.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint as stated.

25.     Defendants admit that the Amazon warehouse is located approximately 1 mile from offsite parking.  Defendants deny the remaining allegations contained in Paragraph 25 of the Complaint as stated.  Defendants deny any factual allegation not specifically admitted.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint as stated.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint as stated.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint as stated.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint as stated.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants admit that some Delivery Associates employed by ATX, Inc., have sometimes been responsible for filling a vehicle with gas.  Defendants deny the remaining allegations contained in Paragraph 31 as stated.

32.     Defendants admit that some Delivery Associates have, at times, cleaned out a delivery vehicle and have, at times, checked in an undelivered package and

have, at times, done so upon arriving at the warehouse.  Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint as stated.

33.    Defendants deny the allegations in Paragraph 33 of the Complaint as stated.

34.    Defendants deny the allegations contained in Paragraph 34 of the Complaint as stated.

35.    Defendants deny the allegations in Paragraph 35 of the Complaint.

36.    Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.    Defendants admit that in approximately August 2019, ATX Inc. began utilizing a different timekeeping system offered by ADP.

38.    Defendants deny the allegations in Paragraph 38 of the Complaint as stated.

39.    Defendants deny the allegations contained in Paragraph 39 of the Complaint as stated.

40.    Defendants deny the allegations contained in Paragraph 40 of the Complaint as stated.

41.    Defendants deny the allegations in Paragraph 41 of the Complaint.

42.    Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint as stated.

44.     Defendants admit that Plaintiffs were offered an incentive by ATX, Inc., to work additional shifts, but deny the remaining allegations in Paragraph 44 of the Complaint as stated.

45.     Defendants admit that at least once, ATX, Inc., has made a payment to Plaintiffs with a check in the amount of $200 without any withholdings or deductions.  Defendants deny the remaining allegations contained in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Defendants deny that either Plaintiff was not properly compensated for work performed.  Defendants deny that Plaintiffs worked in excess of 40 hours for the weeks identified in Paragraph 52.  Defendants aver that the Exhibits C and D

referenced in Paragraph 52 of the Complaint speak for themselves and require no response.

## **RETALIATION ALLEGATIONS**

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants deny the allegations in Paragraph 54 of the Complaint.

55.     Defendants admit the allegations in Paragraph 55 of the Complaint.

56.     Defendants admit that Plaintiff Steve Flemming stated that he was not being paid to sit in line, but deny that Flemming had worked in excess of 11 hours on August 26, 2019, and deny the remaining allegations contained in Paragraph 56 of the Complaint as stated.

57.     Defendants admit that Plaintiffs' employment with ATX, Inc.,was terminated on or around August 26, 2019 but deny that Plaintiffs made complaints as alleged and deny that Plaintiffs were terminated in retaliation for any  alleged complaints.

58.     Defendants deny the allegations in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.  Defendants specifically deny that Plaintiffs' terminations were related to any exercise of legally protected rights by Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

60.     Defendants admit that Plaintiffs purport to bring this action pursuant to 29 U.S.C. § 216(b), but deny this action may properly be conditionally certified or maintained as a collective action and deny that a putative class of similarly situated Delivery Associates exists.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants deny that Defendants Oghoufo and George employ any of Defendant ATX, Inc., employees, but admit that no executives, administrative employees, professional employees, computer professionals or outside sales persons are similarly situated to Plaintiffs.

63.     Defendants deny the allegations in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint as stated.

65.     Defendants deny the allegations in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations in Paragraph 71 of the Complaint.

## RULE 23 CLASS ACTION ALLEGATIONS

72.     Defendants deny that Plaintiff may properly bring this action pursuant to Rule 23(b)(2) and (b)(3) on behalf of themselves and others.  Defendants deny Plaintiffs may properly bring this action on behalf of ATX, Inc.'s Delivery Associates who have agreed to pursue any claims they may have against Defendants on an individual basis in arbitration.  Defendants further deny subject matter jurisdiction exists over Plaintiffs' claims for injunctive and declaratory relief and deny Plaintiffs have standing to assert individual or class claims for injunctive or declaratory relief under Rule 23(b)(2).

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants deny the factual allegations contained in Paragraph 74 including subparts (a)-(c) of the Complaint.

75.     Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

**COUNT I**
**(29 U.S.C. § 216(b) Collective Action)**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 201, et seq. – FAILURE TO PAY FOR ALL HOURS**
**WORKED; FAILURE TO PAY OVERTIME; FAILURE TO PROVIDE**
**REST BREAKS AND MEAL PERIODS**

81.     In response to Paragraph 81 of Plaintiffs' Collective and Class Action Complaint, Defendants incorporate Paragraphs 1 through 80 of Defendants' Answer as if fully set forth and restated herein.

82.     The allegations in Paragraph 82 of the Complaint state a legal conclusion to which no response is required, accordingly, Defendants leave Plaintiffs to their proofs. To the extent a response is required, Defendants deny the allegations contained in Paragraph 82 of the Complaint as stated.

83.     The allegations in Paragraph 83 of the Complaint state a legal conclusion to which no response is required, accordingly, Defendants leave Plaintiffs to their proofs. To the extent a response is required, Defendants deny the allegations contained in Paragraph 83 of the Complaint as stated.

84.     The allegations in Paragraph 84 of the Complaint state a legal conclusion to which no response is required, accordingly, Defendants leave Plaintiffs to their proofs.  To the extent a response is required, Defendants admit ATX, Inc., employed Plaintiffs.  Defendants deny the remaining allegations contained in Paragraph 84 of the Complaint.

13

85.     Defendants deny Plaintiffs or any purported alleged putative class members were ever employed by Defendants Oghoufo or George.  Defendants admit that ATX, Inc. classified Plaintiffs as non-exempt employees.  Defendants deny the remaining allegations contained in Paragraph 85 of the Complaint as stated.

86.     The allegations in Paragraph 86 of the Complaint state legal conclusions to which no response is required, accordingly, Defendants leave Plaintiffs to their proofs.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 86 of the Complaint as stated.

87.     The allegations in Paragraph 87 of the Complaint state legal conclusions to which no response is required, accordingly, Defendants leave Plaintiffs to their proofs.  To the extent a response is required, Defendants deny Plaintiffs or any purported alleged putative class members were ever employed by Defendants Oghoufo or George.   Defendants admit that ATX, Inc. employed Plaintiffs.  Defendants deny the remaining allegations contained in Paragraph 85 of the Complaint as stated

88.     Defendants deny the allegations in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations in Paragraph 89 of the Complaint.

90.     The allegations in Paragraph 90 of the Complaint state legal conclusions to which no response is required, accordingly, Defendants leave

Plaintiffs to their proofs. To the extent that Paragraph 90 includes factual allegations, they are denied.

91. Defendants deny the allegations in Paragraph 91 of the Complaint.

92. Defendants admit that ATX, Inc. did not provide Plaintiffs with "unpaid rest breaks" and deny that the breaks and meal periods Plaintiffs took while employed by Defendants ATX, Inc., were "unpaid." Defendants deny that the cited provisions of the FLSA regulations require Defendants to provide "unpaid rest breaks" or unpaid meal periods. Defendant deny the remaining allegations in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint and further deny that Plaintiff is entitled to any of the relief referenced in Paragraph 93.

WHEREFORE, Defendants respectfully request that this Court dismiss Count I of Plaintiffs' Collective and Class Action Complaint with prejudice and grant Defendants such further relief as the Court deems just and equitable.

## COUNT II
### (Rule 23 Class Action)

### UNJUST ENRICHMENT

94. In response to Paragraph 94 of Plaintiffs' Collective and Class Action Complaint, Defendants incorporate Paragraphs 1 through 93 of the Answer as if fully set forth and restated herein.

95.     Defendants deny the allegations contained in Paragraph 95 of the Complaint as stated.

96.     Defendants deny the allegations in Paragraph 96 of the Complaint.

97.     Defendants are presently without sufficient knowledge or information with respect to what each Delivery Associate relied upon when performing work and accordingly leave Plaintiffs to their proofs.  Defendants deny factual any allegation not specifically admitted.

98.     Defendants deny the allegations in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations in Paragraph 99 of the Complaint.

100.   Defendants deny the allegations in Paragraph 100 of the Complaint.

101.   Defendants deny the allegations in Paragraph 101 of the Complaint.

102.   Defendants deny the allegations in Paragraph 102 of the Complaint.

103.   Defendants deny the allegations in Paragraph 103 of the Complaint.

104.   Defendants deny the allegations contained in Paragraph 104 of the Complaint.

WHEREFORE, Defendants respectfully request that this Court dismiss Count II of Plaintiffs' Collective and Class Action Complaint with prejudice and grant Defendants such further relief as the Court deems just and equitable.

**COUNT III**
**(Brought by Plaintiffs Individually)**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 201, et seq. – RETALIATION**

105.   In response to Paragraph 105 of Plaintiffs' Collective and Class Action Complaint, Defendants incorporate Paragraphs 1 through 104 of the Answer as if fully set forth and restated herein.

106.   The allegations in Paragraph 106 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the referenced statute speaks for itself.

107.   The allegations in Paragraph 107 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the referenced legal opinion speaks for itself.

108.   The allegations in Paragraph 108 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the referenced legal opinion speaks for itself.

109.   Defendants deny the allegations in Paragraph 109 of the Complaint.

110.   Defendants admit that Plaintiffs' employment with ATX, Inc., was terminated on or around August 26, 2019 and deny the balance of the allegations in Paragraph 110 of the Complaint.

111.   Defendants deny the allegations in Paragraph 111 of the Complaint.

17

112.   Defendants deny any allegation, express or implied, that Plaintiffs suffered losses caused by any violation of law by Defendants.  Defendants deny that Plaintiffs are entitled to any damages, compensatory, punitive, liquidated, consequential, incidental or otherwise.  Defendants further deny that any award of interest, cost, or attorney's fees is either warranted or permissible.

113.   Defendants deny Plaintiffs are entitled to any of the relief sought in their prayer for relief contained on pages 25 and 26 of the Complaint.

114.   To the extent not previously expressly admitted or denied, Defendant denies the remaining allegations in the Complaint.

WHEREFORE, Defendants respectfully request that this Court dismiss Count III of Plaintiffs' Collective and Class Action Complaint with prejudice and grant Defendants such further relief as the Court deems just and equitable.

Respectfully submitted,


s/ Martin C. Brook
MARTIN C. BROOK (P55946)
ALEXIS MARTIN (P80817)
Ogletree, Deakins, Nash,
Smoak & Stewart, PLLC
Attorney for Defendant
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009
248-593-6400
martin.brook@ogletree.com
alexis.martin@ogletree.com

ELIZABETH S. WASHKO
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN  37219-2446
615.254.1900
615.254.1908 (facsimile)
elizabeth.washko@ogletreedeakins.com

Dated:  December 23, 2019          Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARTISHA McKINNES and STEVE
FLEMMING, individually, and on,
behalf of others similarly situated,

      Plaintiffs,

vs.

ATX INC., a Michigan corporation,
BENSON OGHOUFO, an individual,
ANTONIO GEORGE, an individual,
jointly and severally,

      Defendants.

Case No. 19-cv-12748
Hon. Stephen J. Murphy, III
Mag. Judge Michael J. Hluchaniuk

---

KEVIN J. STOOPS (P64371)
CHARLES R. ASH, IV (P73877)
Sommers Schwartz, P.C.
Attorneys for Plaintiffs
One Townes Square, Suite 1700
Southfield, MI  48076
(248) 355-0300
kstoops@sommerspc.com
crash@sommerspc.com

MARTIN C. BROOK (P55946)
ALEXIS MARTIN (P80817)
Ogletree, Deakins, Nash, Smoak
  & Stewart, PLLC
Attorneys for Defendants
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
(248) 593-6400
martin.brook@ogletree.com
alexis.martin@ogletree.com

ELIZABETH S. WASHKO
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN  37219-2446
615.254.1900
615.254.1908 (facsimile)
elizabeth.washko@ogletreedeakins.com

## **AFFIRMATIVE AND OTHER DEFENSES**

Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove. Defendant further avers that Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus expressly reserves its right to assert additional defenses should the precise nature of Plaintiff's claims become clear.

1.      Venue is not proper in this Court for any claims that purportedly arose outside the Eastern District of Michigan.

2.      Plaintiffs' Complaint fails to state a claim upon which relief may be granted with respect to some or all of Plaintiffs' claims.

3.      Defendants Benson Oghoufo and Antonio George did not employ Plaintiffs as defined under 19 U.S.C. § 203.

4.      Defendants Benson Oghoufo and Antonio George were not sufficiently involved in the day-to-day operation nor did they have direct responsibility for the supervision of Plaintiffs to establish individual liability under the FLSA.

5.      Some or all of the Defendants, Plaintiffs and/or putative class members Plaintiffs purport to represent were not covered by the FLSA during some or all of the applicable time period.

6.      Defendants reserve the right to assert that one or both Plaintiffs' claims cannot be maintained before this Court because one or both Plaintiffs are required to submit his/her claims to mandatory final and binding arbitration under an arbitration agreement covering his/her purported claims.

7.      Plaintiffs' Complaint an each and every claim alleged therein brought on a collective, class, or representative basis cannot be maintained as a collective, class, or representative action, or as an action for individual recovery, because the named Plaintiffs and/or some or all of the putative class members Plaintiffs purport to represent are required to individually submit their claims to mandatory final and binding arbitration under arbitration agreements covering their purported claims.

8.      All or part of the disputed time for which Plaintiffs and/or the individuals they seek to represent seek recovery of wages purportedly owed was spent engaging in activities that were not compensable work under the FLSA or state law and were not an integral and indispensable part of Plaintiffs' principal activities.

9.      To the extent Defendants notified, authorized, and permitted Plaintiffs to take all allegedly required rest and/or meal periods at all times, any alleged failure by Plaintiffs to take all required rest and/or meal period was caused by Plaintiffs' own acts.

10.     Plaintiffs cannot satisfy his/her burden to prove he/she performed substantial work for the predominant benefit of Defendants that Defendants knew

was being, and permitted to be, performed, and that was not in the circumstances non-compensable.   Plaintiffs did not in fact perform any such work without compensation.   Alternatively, Plaintiffs are further estopped to the extent he/she failed to notify Defendants of his/her alleged work performed on his/her employer's behalf.

11.   The activities for which Plaintiffs seek compensation under the FLSA were undertaken for Plaintiffs' own convenience and/or benefit.

12.   All or part of the time for which Plaintiffs and/or the individuals they seek to represent seek compensation for time constituting gap time for which no recovery is permitted.

13.   All or part of the time for which Plaintiffs and/or the individuals they seek to represent seek compensation is barred by the doctrine of de minimis non curat lex.

14.   Plaintiffs' claims and the claims of the individuals they seek to represent are barred in whole or in part by the doctrine of laches.

15.   Some or all of Plaintiffs' claims and/or damages may be barred by the doctrine of judicial and/or equitable estoppel.

16.   Some or all of Plaintiffs' claims and/or damages may be barred by the doctrine of unclean hands.

17.    Plaintiffs' claims and the claims of the individuals they purport to represent are barred for any periods of time which they were exempt from the overtime and minimum wage provisions of the FLSA.

18.    Plaintiffs' claims and the claims of the individuals they purport to represent are not entitled to recover liquidated damages because any act or omission by Defendants in violation of applicable law was in good faith, with the belief that it was legal, and the result of an honest misunderstanding, mistake, or reasonable dispute, or other good cause, not the result of obstinate, unjust, or dilatory conduct.

19.    Plaintiffs and/or some or all of the members of the alleged group of individuals which Plaintiffs seek to represent, the existence of which is expressly denied, have failed to comply with their legal duty to mitigate their claimed damages, their entitlement to which is expressly denied.

20.    Plaintiffs are not entitled to a three-year limitations period under 29 U.S.C. § 255(a) because even if Plaintiffs were able to prove an alleged violation of the FLSA, which Defendant expressly denies, any such violation was not willful within the meaning of the FLSA.

21.    Plaintiffs cannot satisfy the requirements of a collective action under the FLSA, and some or all of their claims asserted in the Complaint are barred, because Plaintiffs are not similarly situated to each other or the group of individuals they seek to represent, the existence of which is expressly denied.

22.     Plaintiffs' Complaint and each and every claim asserted therein, individually and on behalf of the putative class and/or collective action members Plaintiffs' purport to represent, are barred ot the estent Plaintiffs or any putative class members fall within a collective or class in another action that had or has identical and/or overlapping claims that have been adjudicated, including without limitation under the doctrines of collateral estoppel and/or res judicata.

23.     Plaintiffs cannot maintain class claims because Plaintiffs lack standing to assert claims for relief as an individual or on behalf of any purported class (including but not limited to claims for injunctive and declaratory relief); Plaintiffs are not adequate class representatives; and Plaintiffs cannot assert claims on behalf of the purported class due to Plaintiffs' material and substantial conflicts with the class Plaintiffs purports to represent.

24.     Plaintiffs cannot assert claims on behalf of the purported class because the purported class lacks sufficient numerosity and Plaintiffs' claims are not typical of the claims of the purported class.

25.     Class treatment is not appropriate for Plaintiffs' claims because there are no questions of fact or law common to the class and resolution of Plaintiffs' claims will require individualized inquiries of each purported class member's factual circumstances.

26.     Plaintiffs request for monetary relief, the form of compensatory and punitive damages, predominates over Plaintiffs request for injunctive and declaratory relief; questions of law or fact affecting only individual members of the class predominate over questions affecting the purported class; and a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiffs' claims.

27.     Notice to the alleged group that Plaintiffs purport to represent, the existence of which is expressly denied, would be a violation of Defendants' due process rights.

28.     The damages claimed by Plaintiffs and/or the members of the alleged group which they purport to represent, the existence of which is expressly denied, are barred to the extent they are speculative in nature.

29.     The Complaint is barred, in whole or in part, because it requests relief which exceeds that available under applicable law.

30.     To the extent Plaintiffs and others in the group they purport to represent are entitled to damages, Defendants are entitled to a credit for or set off against amounts paid or overpaid to them, and to a credit for overtime and other premium payments already made to them.

31.     To the extent Plaintiffs are entitled to any additional alleged overtime, Defendants are entitled to a credit or a set-off equal to the value of compensatory time off provided to Plaintiffs in the course of their employment with ATX, Inc.

32.     The claims set forth in the Complaint are barred, in whole or in part, by the doctrine of payment because Plaintiffs were properly compensated for all time worked in accordance with the FLSA and state law and because Plaintiffs were paid for additional time including, without limitation, time paid but not worked by Plaintiffs.

33.     Plaintiffs were compensated for all hours worked in excess of 40 hours in any particular workweek at a rate not less than that required by the overtime provisions of the FLSA.

34.     The preliminary and/or postliminary time for which Plaintiffs seek compensation is non-compensable.  Plaintiff's claims for non-compensable time are barred by 29 U.S.C. § 254.

35.     Plaintiffs and others in the group they purport to represent, the existence of which is expressly denied, are not entitled to compensation and liquidated damages for hours they purportedly worked without Defendants' actual or constructive knowledge.

36.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were "at-will" employees.

37.     Some or all of Plaintiffs' damages may be barred by the doctrine of after-acquired evidence.

38.     Plaintiffs cannot state a prima facie case of retaliation. Even if Plaintiffs could state a prima facie case of retaliation, they cannot establish that their employer's legitimate, non-discriminatory, non-retaliatory reasons for its actions were pretextual.

39.     Defendants' alleged decision and/or actions regarding Plaintiffs' employment was based upon legitimate business decisions and were not based upon an intent to retaliate.

40.     Although Defendants deny that Plaintiffs engaged in protected activity and deny that any allegedly protected activity was a determinative or substantial motivating factor in any adverse employment action which may be found to have occurred, if Plaintiffs demonstrate that their alleged protected activity was such a factor, in the case of each such decision or alleged adverse employment action, the same decision would have been reached regardless of the Plaintiffs' allegedly protected activity.

41.     Defendants reserve the right to amend these Affirmative Defenses or assert additional Affirmative Defenses in the Course of this litigation.

Respectfully submitted,


s/ Martin C. Brook
MARTIN C. BROOK (P55946)
ALEXIS MARTIN (P80817)
Ogletree, Deakins, Nash,
Smoak & Stewart, PLLC
Attorney for Defendant
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009
248-593-6400
martin.brook@ogletree.com
alexis.martin@ogletree.com

ELIZABETH S. WASHKO
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN  37219-2446
615.254.1900
615.254.1908 (facsimile)
elizabeth.washko@ogletreedeakins.com

Dated:  December 23, 2019          Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the ECF filing system which will send notification of such filing to all registered participants.

s/Martin C. Brook
MARTIN C. BROOK (P55946)
ALEXIS MARTIN (P80817)
Ogletree, Deakins, Nash, Smoak
  & Stewart, PLLC
Attorneys for Defendants
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
(248) 593-6400
martin.brook@ogletree.com
alexis.martin@ogletree.com

40569751.1

41206334.1